OPINION
{¶ 1} This is an appeal from a judgment of the domestic relations division of the court of common pleas overruling a petitioner's objections to a magistrate's decision dismissing a petition for a civil protection order, which the court had adopted as its own order pursuant to Civ.R. 53(E)(4)(c).
 {¶ 2} On May 3, 2004, Danielle Dehmani filed a petition for a civil protection order against her husband, Hassan Dehmani. The two were then separated and engaged in divorce proceedings. Mrs. Dehmani filed her petition on behalf of the parties' three minor children: "Alex," age nine, Jamal, age three and Amira, who was two and one-half years of age. An ex parte order of protection suspending Mr. Dehmani's parenting rights was issued on that same date pursuant to R.C. 3113.31(D).
 {¶ 3} The petition and ex parte order came on for hearing before a magistrate of the court on June 3, 2004. No evidence was presented relevant to Jamal or Amira's well-being. Evidence was submitted concerning Mr. Dehmani's treatment of Alex, and both testified. Mrs. Dehmani and Mr. Dehmani's mother also testified.
 {¶ 4} On June 15, 2004, a magistrate's decision which the court also adopted pursuant to Civ.R. 53(E)(4)(c) was filed. Concerning the most serious allegation, that Mr. Dehmani had choked nine-year old Alex, the magistrate elected to disbelieve Alex's testimony to that effect and to accept Mr. Dehmani's denials as true. The several remaining allegations of misconduct were found to be mere "horseplay" and/or acceptable discipline. The petition was dismissed on those findings and the ex parte order vacated.
 {¶ 5} Mrs. Dehmani filed a notice of her objections on June 23, 2004, also asking the court for additional time to frame her objections after a transcript of the hearing before the magistrate was filed. On June 24, 2004, the court granted Mrs. Dehmani an additional two weeks.
 {¶ 6} Per Civ.R. 53(E)(4)(c), Mrs. Dehmani's objections stayed the court's order dismissing her petition and vacating the May 3, 2004 civil protection order, which remained in effect. On July 16, 2004, Mr. Dehmani filed a motion for an interim order restoring his parental rights and also a motion to modify the ex parte order to that same effect. The court set the motions for hearing on August 17, 2004. Mrs. Dehmani filed her memorandum opposing the motions on August 13, 2004.
 {¶ 7} While the two motions Mr. Dehmani had filed were pending, a transcript of the proceedings before the magistrate were filed on July 23, 2004. Also, on August 19, 2004, an agreed entry was filed, allowing Mr. Dehmani to transport the children to and from the law offices of a guardian ad litem appointed in the divorce case.
 {¶ 8} On August 24, 2004, the domestic relations court entered an order overruling Mrs. Dehmani's objections to the June 15, 2004 interim order. The court stated that it would consider Mrs. Dehmani's August 13, 2004 response to Mr. Dehmani's two motions as her objections for that purpose. Essentially, the court found no basis to change the findings and conclusions of the interim order.
 {¶ 9} Mrs. Dehmani filed a timely notice of appeal. She presents four assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 10} "The judge's decision gave no notice."
 {¶ 11} Mrs. Dehmani argues that the court erred and denied her right of due process when, without notice, the court converted her August 13, 2004 memorandum contra Mr. Dehmani's two motions to the Civ.R. 53(E)(3) objections she had a right to file.
 {¶ 12} Civ.R. 53(E)(3)(a) provides that objections must be filed within fourteen days of a magistrate's decision, "regardless of whether the court has adopted the decision pursuant to Civ.R. 53(E)(4)," which the court did in the present case. The court also granted Mrs. Dehmani's request for additional time after a transcript was filed, giving her an additional two weeks.
 {¶ 13} A transcript was filed on July 23, 2004. Mrs. Dehmani filed no further objections within the two weeks or fourteen days thereafter. Neither did she seek any additional time to file objections. After that, the court was free to proceed to judgment. Therefore, and absent any demonstration of prejudice, she waived any error in the court's conversion of her August 13, 2004 memorandum contra to objections which the court had given her additional time to file.
 {¶ 14} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 15} "The magistrate refers to facts not before the court and facts not in evidence in his decision."
 {¶ 16} Appellant takes issue with several of the magistrate's findings in the June 15, 2004 interim order. They are matters which could have been the subject of Civ.R. 53(E)(3) objections, but were not. Mrs. Dehmani's failure to file objections within the additional time allowed by the court waives the error of which she now complains. Further, the matters concerned are so peripheral to the core issues her petition presented that any error in the misstatements she alleges is harmless.
 {¶ 17} The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 18} "The court mischaracterized and misstated facts in evidence."
 {¶ 19} Appellant complains that the court, in its August 24, 2004 Decision and Judgment from which the appeal is taken, mischaracterized Alex's statement that he had "practiced" his testimony with Appellant, and that the court abused its discretion in finding that some of Alex's testimony was the product of leading questions. Those are matters which are within the court's discretion to assess in determining a witness's credibility. We find no abuse of discretion.
 {¶ 20} Appellant also complains that the magistrate in his decision characterized a prior domestic violence complaint she filed as one which was "unsuccessful," when the record shows that it was voluntarily dismissed. (T. 9, 37). Appellant also objects to the magistrate's finding that she had falsely accused Mr. Dehmani of being a terrorist, prompting the FBI to interview him, and the further finding that the alleged allegation was false and no further action was taken. These matters would have been the subject to timely objections to the magistrate's decision, but were not. Failure to object waives the error assigned.
 {¶ 21} The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR {¶ 22} "The court, in adopting the magistrate's decision, and in her own decision and judgment, applied the wrong standard of law."
 {¶ 23} Appellant argues that the trial court erred when it found that certain events about which Alex testified were reasonable parental discipline or mere horseplay.
 {¶ 24} The magistrate rejected Alex's testimony for the most part, and Appellant failed to file timely objections vis-a-vis the alleged choking events to which Alex testified and about which Appellant principally complains. The failure waives the error alleged.
 {¶ 25} The court also found that the other events alleged in the proceedings, "dunking" Alex at a swimming pool and Mr. Dehmani's wrestling with all three children, "were simply roughhouse tactics of play," not discipline, and "[n]o harm was intended." (Decision and Judgment, p. 2). There is competent, credible evidence to support that finding, and it will therefore not be disturbed on appeal. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279.
 {¶ 26} The fourth assignment of error is overruled.
 Conclusion {¶ 27} Having overruled the errors assigned, we will affirm the judgment from which this appeal was taken.
Brogan, P.J. and Fain, J., concur.